JERRY POWELL v. STATE.

No. A-5026.   Opinion Filed Nov. 9, 1925.
(240 Pac. 1080.)

Jesse W. Watts and T. J. Lillard, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that in Wagoner county, January 6, 1923, Jerry Powell did have in his possession three gallons of whisky, with the willful and unlawful intent to sell the same. On the trial the jury returned a verdict finding the defendant guilty, and fixing his punishment at a fine of $250, and confinement in the county jail for 90 days. To reverse the judgment rendered on the verdict he appeals.

A number of errors are assigned and argued, but one of which it is deemed necessary to notice, and that is that the evidence is insufficient to sustain the conviction.

It appears that the defendant resided with his father and mother and a married sister; that under authority of a search warrant two deputy sheriffs visited his home, and told him they had a search warrant and wanted to search the house, and he said, "All right; go ahead."

Robert Murphy, deputy sheriff, testified:

"We drove out to Jerry's house. I went in the front door, and Joe went in the back door. I noticed that he had a half pint bottle in his hand—I think he took it off the mantel, and I took it from him. It was full of whisky. We found a five-gallon glass jug. It had one ounce of liquor in it, enough to tell what it was. I found three empty 5-gallon jugs in the back room, and the floor was wet with corn whisky. We arrested Jerry and took him to town, and then I went back and made another search. I turned the half pint bottle over to the sheriff."

Joe Thompson, deputy sheriff, testified in substance to the same facts.

As a witness in his own behalf the defendant testified that the half pint bottle that he took from the mantel contained five or six ounces of whisky and witch-hazel that his mother kept and used for rheumatism; that he got the five-gallon jugs a mile and a half south of Glenn Pool from Joe Barnes, and hauled them from there in a wagon about six months before, and had used two of them for water bottles.

Upon a careful examination and consideration of the evidence we have reached the conclusion that it is insufficient to support a conviction, in that there was no proof of an unlawful intent, which is an essential element of the offense charged. There was no direct evidence of an unlawful intent, and the proof fails to show that the quantity of liquor found was sufficient to be prima facie evidence of an intent to violate the liquor laws.

It follows from what has been said that the judgment appealed from herein should be and the same is reversed.

BESSEY, P. J., and EDWARDS, J., concur.